IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BRITTANY PENA,

    Plaintiff,

v.                                     C.A. No.:   5:23-cv-670
                                         **COLLECTIVE ACTION**

TIEJEN AUTOMOTIVE
TECHNOLOGIES TEXAS, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRITTANY PENA (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through her undersigned counsel, hereby sues Defendant, TIEJEN AUTOMOTIVE TECHNOLOGIES TEXAS, LLC (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

### SUMMARY

1. Defendant operates an enterprise in Austin, Texas, that produces and manufactures automobile parts for interstate commerce. The Defendant failed to pay BRITTANY PENA the appropriate overtime wages in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.*

## INTRODUCTION

2. This is an action by Plaintiff her employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

3. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant has offices in Guadalupe County, Texas.

## THE PARTIES

5. Defendant TIEJEN AUTOMOTIVE TECHNOLOGIES TEXAS, LLC, is a limited liability company formed and existing under the laws of the State of Delaware and operates an automotive manufacturing facility with its main office in Guadalupe County, Texas.

6. Plaintiff, BRITTANY PENA, is an individual residing in Guadalupe County, Texas.

7. Plaintiff, BRITTANY PENA, was employed by Defendant from March

14, 2022, to approximately present, as a Team Lead of Quality Assurance Department, managing technicians online to make sure they are following protocols and safety policies, at the rate of $22.00, plus a $1.00 shift incentive per hour for working second shift and double pay for work on Sunday.

8. Defendant has employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

9. Throughout Plaintiff's employment, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. Throughout Plaintiff's employment, Defendant was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Throughout Plaintiff's employment, Defendant was the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

12. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant's business activities.

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

13. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 12, *supra*.

14. Plaintiff and others similarly situated, 1) occupied the positions of Team Lead, Press Operator, Production Operator, Paint Production Operator, Clerk or Shipping and Receiving Production Engineer, Quality Engineer, Tool Crib Attendant, Attendance Taker; 2) did not hold a position considered as exempt under the FLSA; 3) were paid on an hourly basis; and 4) did not receive the appropriate overtime pay for all hours worked over 40 in a week.

15. Defendant paid the Plaintiff and all other positions listed in the paragraph above some overtime for their work in excess of 40 hours within the workweek. Defendant calculated the overtime based solely upon the hourly rate and did not include payments for shift differentials or additional payments that should have been included in calculating the regular rate for the purposes of overtime. This miscalculation resulted in the Plaintiff and others similarly situated being denied the appropriate overtime as required by the FLSA.

16. Throughout the employment of Plaintiff and others similarly situated, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff and others similarly situated at a for their overtime work at a rate not less than one and one-half the regular rates for each hour worked in excess of 40 in a workweek.

17. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF TIEJEN AUTOMOTIVE TECHNOLOGIES TEXAS, LLC, WHO WORKED AS TEAM LEAD, PRESS OPERATOR, PRODUCTION OPERATOR, PAINT PRODUCTION OPERATOR, CLERK OR SHIPPING AND RECEIVING PRODUCTION ENGINEER, QUALITY ENGINEER, TOOL CRIB ATTENDANT, ATTENDANCE TAKER AND WERE NOT PAID THE APPROPRIATE OVERTIME BY DEFENDANT.

18. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

   e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

   f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class

        Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    g.    Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

19. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

20. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendant.

21. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

22. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

23. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

24. As a result of Defendants' unlawful conduct, Plaintiff and all others

similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

25. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, BRITTANY PENA, and all others similarly situated, demand Judgment against Defendant for the following:

a. Determining that the action is properly maintained as a class and/or collective action, appointing Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff, BRITTANY PENA, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this May 24, 2023.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810
        **ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BRITTANY PENA,

    Plaintiff,

v.                                                                                C.A. No.: 5:23-cv-670
**COLLECTIVE ACTION**

TIEJEN AUTOMOTIVE
TECHNOLOGIES TEXAS, LLC,

    Defendant.
_____/

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

*Brittany Peña*
_____
BRITTANY PENA

05/24/2023
_____
DATE